■ In the Matter of the R. CHILDREN, Children Alleged to be Abused. JAMES R., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [627 NYS2d 376] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered February 10, 1994, which placed respondent's daughter with the Commissioner of Social Services for up to 12 months, discharged his two sons to the custody of their mother, and provided for a final order of protection prohibiting respondent from any contact with the daughter and permitting only court-ordered visitation with the sons, following a fact-finding determination that respondent had sexually abused the daughter, and that, as a result, the sons were derivatively abused, unanimously affirmed, without costs.

The sworn testimony of respondent's 15-year-old daughter, characterized by the court as "compelling", was sufficient, standing alone, to prove by a preponderance of the evidence (*Matter of Danielle M.*, 151 AD2d 240, 243) that respondent first engaged her in anal and oral sex when she was between six and seven years old, and after a three-year hiatus, during which he was incarcerated and she was in foster care, resumed his abuse of the child for another four years, by fondling her, forcing her to masturbate him and watch pornographic movies, and performing cunnilingus on her.

The court correctly determined that respondent did not establish a "compelling need for disclosure" of any confidential HIV related information regarding the child, since the abuse petition did not charge him with infecting her, there was no proof that he was HIV positive, and even if the child were HIV negative, that fact would not undermine the proof of abuse against respondent in view of the incubation period of the disease and the nature of the sexual activities involved (*see*, Public Health Law § 2785 [2] [a]). Concur—Rubin, J. P., Kupferman, Asch and Tom, JJ.